IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                        CASE NO. 17-03902 (ESL)

SONIA COUVERTIER LOPEZ                          CHAPTER 13

    Debtor

OPINION AND ORDER

This case is before the court upon debtor's *Motion to Strike and Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges Filed by Banco Popular de Puerto Rico* (Docket No. 26); *BPPR's Response to Debtor's Motion to Strike and Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges* filed by Banco Popular de Puerto Rico ("BPPR") (Docket No. 27); the Debtor's *Motion to Strike and Objection to Notice of Mortgage Payment Change filed by Banco Popular de Puerto Rico* (Docket No. 31); the *Reply to Response to Motion to Strike Docket Entry Number 27 Filed by Banco Popular de Puerto Rico* filed by the Debtor (Docket No. 32) and *BPPR's Position as to the Debtor's Reply to Response to Motion to Strike Docket Entry Number 27 by Banco Popular de Puerto Rico (Proof of Claim No. 2)* (Docket No. 36).

The Debtor requests the disallowance of $150.00 included in the *Notice of Postpetition Mortgage Fees, Expenses, and Changes* filed by BPPR on December 13, 2017, and amended on December 27, 2017. The initial *Notice of Postpetition Mortgage Fees, Expenses, and Charges* filed by BPPR stated that the fee of $150.00 is related to the filing of a *Notice of Mortgage Payment Change* filed by BPPR on December 13, 2017. *The Notice of Mortgage Payment Change* filed by BPPR informed a payment change, effective on January 1, 2018, for an escrow account payment adjustment of $173.82, for a total new payment of $747.00 related to the secured mortgage included in proof of claim no. 2. The Debtor alleged, initially, that the *Notice of Postpetition Mortgage Fees, Expenses, and Charges* filed by BPPR failed to comply with

-1-

applicable rules and that the same was unintelligible, as it failed to include itemized information, as mandated by Rule 3002.1(c) and, therefore, the parties were unable to asses if the charges are warranted. On December 27, 2017, BPPR filed an Amended *Notice of Postpetition Mortgage Fees, Expenses, and Charges,* which stated that: (a) $50.00 correspond to attorney's fees and expenses regarding the *Notice of Mortgage Payment Change* and (b) $100.00 correspond to the attorney's fees and expenses regarding the *Notice of Postpetition Mortgage Fees, Expenses and Changes* (See claim register, proof of claim no. 2). On the same date, BPPR filed its response alleging, essentially, that the Amended Notice provided additional information as to the nature and the amount of the fees and expenses claimed. Aditionally, BPPR argued that "the debtor's request is totally groundless and without merit, since the Notice of Mortgage Payment Change and the NPPF [Notice of Postpetition Mortgage Fees Expenses and Changes] comply with the form and content requirements set forth in Fed. R. Bankr. P. 3002.1(d)."

On February 3, 2018, the Debtor objected the *Notice of Mortgage Payment Change* filed by BPPR (Docket No. 31). The Debtor alleged that the notice failed to comply with Rule 3002.1(b) which requires that the notice be filed no later than twenty-one (21) days before the change is due. However, in the present case the notice was filed only nineteen (19) days before the purported change. Aditionally, the Debtor alleged that no copy of the escrow account statement was included, and therefore, no evidence was provided to show BPPR's entitlement to the $173.00 escrow payment. The Debtor further requested sanctions pursuant Bank. R. 9011(b) and requested the court to determine that the payment change will have no effect until a Notice of Mortgage Payment change is adequately filed.[1]

Moreover, the Debtor replied to BPPR's *Response to Motion to Strike Docket Entry Number 27 filed by Banco Popular de Puerto Rico* (Docket No. 32), and further expanded its basis to object the fees charged by the creditor in its *Notice of Postpetition Fees, Expenses and Charges*. The Debtor alleged that BPPR's *Notice of Mortgage Payment Change* augments the

---

[1] The court notes that the present motion remained unchallenged by BPPR. However, the creditor filed an *Amended Notice of Mortgage Payment Change* on February 23, 2018.

Debtor's mortgage payment for an amount of $173.00 without attaching the mortgage escrow analysis report and without further explanation, and that, therefore, the fee's charged correspond to an improperly filed Notice of Payment Change. Furthermore, the Debtor alleged that the *Notice of Mortgage Payment Change* included information related to changes in the mortgage account resulting from interest rate and escrow account adjustments, that such notices are subject to the disclosure requirement pursuant to the Truth in Lending Act (TILA) and the Real Estate Procedures Act (RESPA), and that the 3002.1(b) notice served as a cover sheet for already required notices under the applicable laws. The Debtor further stated that federal law forbids BPPR from assessing charges for the preparation of escrow analysis and reports. However, in the present case, the creditor even failed to include the escrow analysis. The Debtor alleged that mortgage holders and/or servicers have the duty to notify borrowers, every year, any shortfall or surplus on their mortgage escrow without any additional charge.

Furthermore, the Debtor supported her arguments in In Re Carr, 468 B.R. 806 (Bankr. E.D.Va. 2012) (Denying fees charged by creditor for its response pursuant to Rule 3002.1(g)) and In Re Adams, 2012 Bankr. LEXIS 1943, 2012 WL 1570054, (Bank. E.D. NC (2012) (Determining that mortgage companies have routinely serve notices of mortgage payment change and that the creditor had failed to show that the services provided required the assistance of an attorney). The Debtor stated that the forms required to comply with Fed. R. Bnkr. P. 3002.1(b) are ordinarily prepared by clerical staff and do not require any attorney involvement. Aditionally, the Debtor alleged that the notices under Fed. R. Bnkr. P. 3002.1 do not carry the *prima facie* evidentiary benefits of Rule 3001(f), and absent evidence to support the fees, BPPR had not satisfied the burden of proof as to reasonability.

BPPR stated that, as a supplement to the proof of claim, a notice of post-petition fees is vital to the protection of a creditor's claim and is not a ministerial act. The Creditor argued that "[b]ecause Rule 3002.1 imposes substantial consequences for creditors that fail to comply, it is reasonable for a creditor to rely upon legal counsel to prepare a claim supplement." BPPR further alleged that, considering that the notice does not carry the prima facie evidentiary benefits, "the

notice is more susceptible to challenge. In addition, Rule 3002.1(i) authorizes a court to impose sanctions for missing or defective information in the notice. If a creditor neglects to supply the information required by Rule 3002.1, the Court may either prohibit the omitted information from being introduced in the case, or it may award other appropriate relief, including expenses and attorney's fees caused by the failure".

Factual Background

The debtor filed a voluntary chapter 13 petition on May 31, 2017 (Docket No. 1). On June 1, 2017, the Debtor filed a chapter 13 plan providing for direct current payments and the curing of arrears to BPPR (Docket No. 5). In October 2017, the court confirmed the amended chapter 13 plan dated November 18, 2016.  The same provides for the direct payments and of arrears of secured claim number 2 filed by BPPR.

In December 13, 2017, BPPR filed a *Notice of Mortgage Payment Change* and, on the same date, a *Notice of Postpetition Mortgage Fees, Expenses, and Charges* requesting fees in the amount of $150.00, both pursuant to Rule 3002.1.  After the objection filed by the Debtor, BPPR amended its *Notice of Postpetition Mortgage Fees, Expenses, and Charges*, and divided the fees in two items: $50.00 related to attorney's fees and expenses for the filing of the *Notice of Mortgage* Payment Change, and $100.00 related to attorney's fees and expenses for the filing of the *Notice of Postpetition Mortgage Fees, Expenses, and Charges*. The Debtor reargued her objections after the amendment. Furthermore, BPPR Amended the *Notice of Mortgage Payment Change* on December 27, 2017, to include the escrow statement as an attachment. However, the Debtor sustained its initial objection to the Notice after its amendment. Both Notices were filed as supplements to proof of claim number 2 in the official form 410S1.  BPPR contends that the notices comply with the requirements of Rule 3002.1. The notices were objected by the debtor and are the subject of this order.

Legal Analysis

Fed. R. Bankr. P. 3002.1 ("Rule 3002.1") became effective on December 1, 2011, and amended on December 1, 2016, and applies only to residential mortgages in chapter 13 cases. Rule 3002.1(a). The intent is to provide a procedural device for bankruptcy courts to resolve how much a chapter 13 debtor owes on a residential mortgage and prevent "unexpected deficiencies" prior to the closing of the case. The rule supplements the provisions of §1322(b)(5) for the cure and maintenance of payments on a debtor's residential mortgage. 9 Collier on Bankruptcy ¶ 3002.1.02 (Alan N. Resnick & Henry J. Sommer, 16th Ed.).

A secured creditor holding a lien over the residence of a chapter 13 debtor must give notice to the debtor, debtor's counsel and the chapter 13 trustee of any post-petition change to the mortgage payment at least twenty-one (21) days before the new payment is due. Rule 3002.1(b). Any recoverable fee, charge or expense must be notified within one hundred and eighty (180) days from incurring the same and must be detailed and itemized. Rule 3002.1 (c). The notice must be in the prescribed official form and does not constitute prima facie evidence of its validity. Rule 3002.1 (d). Since there is no presumption of validity, the notice must describe the charges with particularity. The debtor must challenge any itemized fee, charge or expense within one (1) year after notice is given. Rule 3002.1(e). The chapter 13 trustee must give notice of final payment upon plan completion within thirty (30) days. Rule 3002.1(f). The secured creditor must reply to the chapter 13 trustee's notice within twenty-one (21) days and inform whether the pre-petition default was cured and whether the debtor is current on payments under § 1322(b)(5) and itemize any noncompliance. Rule 3002.1 (g). The chapter 13 trustee or the debtor must respond within twenty-one (21) days stating any disagreement with the secured creditor's itemized notice. Rule 3002.1(h). Sanctions against a secured creditor may be imposed for violation of its duties under the rule. Rule 3002.1(i).

The first issue before the court is whether a secured creditor holding a lien over a chapter 13 debtor's residence may charge a fee for the preparation of the *Notice of Mortgage Payment Change* form and the filing of a *Notice of Postpetition Mortgage Fees, Expenses, and Charges*.

The court recently considered the issue in <u>In Re Garcia Rivera</u>, 15-07601, *Opinion and Order* at Docket No. 103.   The court concluded that the filing of a Rule 3002.1 *Notice of Postpetition Mortgage Fees, Expenses, and Charges* as a supplement to a proof of claim is a business function that does not require the assistance of counsel. Should there be specific reasons why the assistance of counsel is needed, the need must be included in the notice for there to be entitlement to a fee. The court finds that the present facts do not warrant a different determination.

However, in the present case the Debtor also challenges the accuracy of the information included in the *Notice of Mortgage Payment Change filed by BPPR*, and its amendment. BPPR acknowledges the "severe consequences" of failing to comply with the Rule 3002.1 requirements. However, the court notes, through a review of the *Notice of Mortgage Payment Change* filed in December 13, 2017, and its subsequent amendment, that BPPR indeed failed to comply with the requirements of Rule 3002.1. In its initial *Notice of Mortgage Payment Change*, the Creditor stated that the current escrow payment was $0.00 which would change to $173.82. The *Notice* was filed on December 13, 2017, although the payment change intended to commence on January 1, 2018, and, therefore, failing to comply with the requirement that the notice be filed, at least, twenty-one days before the change is due. Aditionally, the creditor failed to attach the copy of the escrow statement. BPPR amended the Notice on December 27, 2017, without any actual changes to the information included in the form but attaching the escrow statement. Through a review of the escrow statement included by BPPR, the court notes that the escrow payment was, in fact, for the amount of $181.07 and that the change of escrow to $173.82 represented a nominal reduction of $7.25 to the Debtor's escrow payment. With the benefit of the escrow statement attached to the *Notice*, the court and the Debtor could comprehend that the Notice was defective, and that the change, rather than a substantial increment of $173.82 to the Debtor's mortgage payment, constitutes a nominal reduction of $7.25. This are precisely the kind of confusions that the Rule 3002.1 requirements attempt to temper.

The court additionally notes that the *Notice of Mortgage Payment Change* was prepared by a bankruptcy technician and not an attorney, although attorney's fees are requested for its

-6-

completion.  The court finds that the failures and inaccuracy in the Notice prompts the court to award reasonable expenses and attorney's fees, pursuant to Rule 3002.1(i). "Sanctions under Rule 3002.1(i) are permissive in that the court "may" award them for a creditor's violation of subdivisions (b), (c) or (g)." Alvarez v. Bayview Loan Servicing, LLC (In Re Alvarez, 2018 LEXIS 4025, at *9, 2018 WL 6715728 (9th Cir. BAP 2018). Courts have determined that the filing of an incorrect and inaccurate supplement under Rule 3002.1(g) statement is the equivalent of filing no statement at all, asserting that "when confronted with an incorrect statement, a debtor is left with little alternative but to respond with a Rule 3002.1(h) motion, to attend a hearing on the motion, and incur attorney's fees and expense." In Re Ferrell, 580 B.R. 181, 185 (Bankr. D. S.C. 2017). Similarly, a Rule 3002.1(b) notice of payment change must be accurate, and the provision of inaccurate information is equivalent to a failure to provide information. "The Purpose of Rule 3002.1 [] is served only if the creditor provides correct information." In Re Tollstrup, 2018 Bankr. LEXIS 767 at *7, 2018 WL 1384378 (Bankr. D. Or. 2018).

Conclusion

In view of the foregoing, the court hereby grants the debtor's request and concludes that the secured creditor, under the facts and circumstances of this particular case, is not entitled to the fee in the amount of $150.00.

Furthermore, although the court will not strike the *Notice of Mortgage Payment Change* for its failures, considering that it does not adversely affect the Debtor, the court grants the Debtor's request for attorney's fees and expenses pursuant to Rule 3002.1(i) for failure to file a timely and accurate *Notice of Mortgage Payment Change*, as required by Rule 3002.1(b). The Debtor must file an application for compensation within fourteen (14) days regarding her objection to the *Notice of Mortgage Payment Change*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of February, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

-7-